# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TAVON JONES # 362-385,** | * |
| Plaintiff, | * |
| v. | * Civil Action No. RWT-12-2846 |
| **GARY MAYNARD,** | * |
| **FRANK BISHOP,** | * |
| **BEN OTEYZA, M.D.,**[1] | * |
| **CORIZON, INC.,** | * |
| Defendants, | * |

## MEMORANDUM OPINION

Tavon Jones ("Jones"), a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution ("WCI"), seeks money damages and injunctive relief under the civil rights statute[2] and claims that he has been denied appropriate treatment for ongoing pain in his groin. Jones names Defendants Gary D. Maynard, Maryland's Secretary of Public Safety and Correctional Services, and Frank Bishop, WCI's Warden (hereinafter the "Correctional Defendants"), as well Corizon, Inc.,[3] the prison health care company ("Corizon") and a treating physican at the prison, Dr. Ben Oteyza. Corizon and the Correctional Defendants have filed dispositive motions that shall be construed as motions to dismiss (ECF Nos. 16 and 20). Defendant Oteyza has filed a motion to dismiss for lack of jurisdiction. ECF No. 21. For

---

[1] The Clerk shall amend the docket to reflect the full spelling and correct title of Defendant Ben Oteyza, M.D.

[2] Jones asks that he be sent to an "outside" health care facility so that his groin pain can be properly diagnosed and treated.

[3] Corizon, a prison health care provider under contract with the State of Maryland prior to July 1, 2012, previously did business as Correctional Medical Services, Inc. ("CMS").

reasons set forth herein,[4] Corizon and the Correctional Defendants' Motions to Dismiss shall be granted, Defendant Oteyza's Motion to Dismiss denied, and a Scheduling Order entered.

## Standard of Review

In reviewing a complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 566.

## Analysis

---
[4] A hearing is not needed to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2011).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). If the requisite subjective knowledge is established, an

official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2000) (citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

**Discussion**

Defendant Corizon is named solely under a theory of vicarious liability otherwise known as the doctrine of respondeat superior. The law in the Fourth Circuit is well-established that the doctrine is inapplicable to § 1983 claims involving entities such as Corizon. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D. Md. Oct. 22, 1992) (citing *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982)); *McIlwain v. Prince William Hospital*, 774 F. Supp. 986, 990 (E.D. Va. 1991). Corizon shall be dismissed from this case.

The Correctional Defendants likewise are entitled to dismissal from this action under *Love-Lane*, 355 F.3d at 782. Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the

supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Defendants Maynard and Bishop seek dismissal of the complaint against them because there are no allegations raised indicating that they contributed in any way to a failure to provide adequate medical care to Jones. ECF No. 20. Defendant Bishop avers that he ordered that Jones' Administrative Remedy Procedure ("ARP") complaint alleging a lack of treatment for groin pain be investigated and medical providers made aware of Jones' concerns, and that he is not responsible for compliance monitoring or enforcement over prison health care providers. *Id.* Exhibit A, Declaration of Frank Bishop. Maynard and Bishop shall be dismissed from this action.

Defendant Oteyza moves to dismiss the Complaint for failure to state a claim, arguing that at most Jones asserts a claim of negligence or, alternatively, that the medical condition at issue is not sufficiently serious to warrant a claim under the Eighth Amendment. Oteyza does not submit a declaration in support of his claim that Jones' groin pain was not serious, but merely references more than 170 pages of medical records provided by Corizon. Review of those records (filed in conjunction with ECF No. 16 and sealed) does not resolve the question.

It appears that Jones first complained of groin pain and requested treatment on June 21, 2011, but did not follow through with a scheduled medical appointment. ECF No. 16, Ex. A, p. 132. A second request for treatment concerning groin pain resulted in a physical examination that was unremarkable; Jones was told to perform light exercise and range of motion stretches

and to follow up if the pain did not improve. *Id.* Ex. A, pp. 29-30. For unknown reasons, Jones missed his August 7, and August 21, 2011 appointments. *Id.* Ex. A, pp. 32, 128-129.

On October 5, 2011, Defendant examined Jones and found no hernia. A straight leg raise test indicated the pain was not likely caused by disc herniation. Lab tests were ordered. *Id*. Ex. A, pp. 38-39.

Plaintiff again complained of groin pain on February 24, 2012, was examined by a nurse on March 3, 2012, and was referred to a doctor. On March 21, 2012, he complained of "pain that [extends] from his left groin through to his anus [lasting] 3+ months…" Plaintiff refused a rectal examination and was prescribed antibiotics. *Id.* Ex. A, pp. 62, 116. He again complained of sporadic periodic pain on May 24, 2012, was examined on May 26, 2012, and was told to increase his fluid intake, exercise, and follow up if the condition worsened. *Id.* Ex. A, pp. 73-74.

At first blush, it would appear that Jones received adequate medical care and that any failure to diagnose and fully treat his condition could be imputed to Jones because he failed to appear for appointments and declined a rectal examination. A complete reading of the medical record, however, is troubling. Lab tests showed crystals and epithelial cells in Jones' urine. *Id.* Ex. A, pp 2, 63. The lab report notes a PSA test,[5] but the findings and their significance are not presented. *Id.* Ex. A, pp. 3, 61. Similarly, the outcome of testing done to determine whether Jones had herpes in the genital area, *id.,* Ex. A, pp. 42-43, or to explain why the pain occurred during urination, *id.* Ex. A, p. 58, is not provided. Finally, a list of possible causes and treatment of intermittent groin pain are not outlined for the Court in a declaration signed by Defendant

---

[5] While men with prostate cancer may have elevated levels of PSA ("Prostate Specific Antigen"), many noncancerous conditions can also increase a man's PSA level, including enlargement or inflammation of the prostate. *See* http://www.bing.com/health/article/mayo-MAMY00180/PSA-test?q=psa+screening&qpvt=PSA+screening. Whether PSA level may cause discomfort in the groin is not discussed by Defendant.

Oteyza. As further information is required, Defendant Oteyza's Motion to Dismiss shall be denied.

For the aforementioned reasons, the dispositive motions filed by Defendant Corizon, Inc. and Correctional Defendants Bishop and Maynard are granted and Defendant Oteyza's Motion to Dismiss is denied. A separate order follows.


Date: May 31, 2013                               _____*/s/*_____
                                                                 ROGER W. TITUS
                                                                 UNITED STATES DISTRICT JUDGE